UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff - Appellee,<br><br>   v.<br><br>CHRISTOPHER ROLAND BRADLEY,<br><br>        Defendant - Appellant. | No. 13-50113<br><br>D.C. No. 2:12-cr-00389-DDP-3<br>Central District of California,<br>Los Angeles<br><br><br>ORDER WITHDRAWING<br>MEMORANDUM DISPOSITION<br>AND DENYING PETITION FOR<br>REHEARING AND<br>SUGGESTION FOR<br>REHEARING EN BANC |

Before: NOONAN, WARDLAW and FISHER, Circuit Judges.

The memorandum disposition filed June 2, 2014 is withdrawn. A superseding memorandum disposition is being filed concurrently with this order.

With these amendments, the panel has unanimously voted to deny the petition for rehearing. Judge Wardlaw has voted to deny the petition for rehearing en banc, and Judges Noonan and Fisher have so recommended. The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

Defendant-Appellant's petitions for rehearing and rehearing en banc are DENIED. No additional petitions for rehearing or rehearing en banc may be filed.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50113 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00389-DDP |
| v. | |
| CHRISTOPHER ROLAND BRADLEY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted May 14, 2014
Pasadena, California

Before: NOONAN, WARDLAW and FISHER, Circuit Judges.

Christopher Bradley appeals his sentence for conspiracy to distribute and possess with intent to distribute oxycodone and oxymorphone. We affirm.

The district court did not clearly err in attributing the entire amount of oxycodone found at his coconspirators' stash house to Bradley for purposes of determining his offense level. *See United States v. Palafox-Mazon*, 198 F.3d 1182,

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1184, 1186 (9th Cir. 2000) (holding that the determination of the quantity of drugs that should be attributed to an individual member of a conspiracy is a factual finding reviewed for clear error). Under the Sentencing Guidelines, Bradley "is accountable for all quantities of contraband with which he was directly involved and . . . all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity" that he "agreed to jointly undertake (i.e., the scope of the specific conduct and objectives embraced by [his] agreement)." United States Sentencing Guidelines Manual (U.S.S.G.) § 1B1.3 cmt. n.2; *see United States v. Ortiz*, 362 F.3d 1274, 1275-77 (9th Cir. 2004). A court "may consider any explicit agreement or implicit agreement fairly inferred from the conduct of the defendant and others" to determine "the scope of the specific conduct and objectives embraced by the defendant's agreement." U.S.S.G. § 1B1.3 cmt. n.2.

Here, reviewing de novo the district court's interpretation and application of the Guidelines, we hold that the court applied the correct legal standard and made an "individualized evaluation" of the amount of contraband that should be attributed to Bradley under the Guidelines. *United States v. Garcia-Sanchez*, 189 F.3d 1143, 1147 (9th Cir. 1999). Based on the "totality of the circumstances and the course of dealings over about a year or so between the parties," including the "overwhelmingly suspicious" mailings, the court found that the quantity of

2

relevant drugs recovered from the stash house was both in furtherance of, and reasonably foreseeable in connection with, the criminal activity jointly undertaken by Bradley. U.S.S.G. § 1B1.3 cmt. n.2. The district court did not hold Bradley accountable for several other quantities of contraband that were part of the conspiracy, or a firearm that was found at his coconspirators' residence. Taken as a whole, these findings are not clearly erroneous.

**AFFIRMED**.